UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DQUAN FAVORITE,

        Petitioner,

                                              CASE NO. 11-10266
v.                                     HONORABLE GEORGE CARAM STEEH

DAVID BERGH,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING
OR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL (Doc. No. #18)**

**I. Introduction**

      Petitioner Dquan Favorite is a state prisoner at Cotton Correctional Facility (JCF) in Jackson, Michigan. In 2011 he filed a habeas corpus petition under 28 U.S.C. § 2254. On October 29, 2013, the Court denied the habeas petition, but granted in part a certificate of appealability and leave to proceed in forma pauperis on appeal. Thirty days later on November 28, 2013, the deadline expired for filing an appeal.

      On December 4, 2013, petitioner signed and dated a notice of appeal, and he certified, under penalty of perjury, that he delivered his notice of appeal to prison authorities on the same day. Under the "prison mailbox rule," his notice of appeal is considered "filed" on the date that he delivered it to the prison authorities for forwarding to the clerk of the court. Houston v. Lack, 487 U.S. 266, 276 (1988). On December 9, 2013, petitioner signed and submitted a second notice of appeal and a motion for either equitable tolling of the appellate deadline or an extension of time to file a notice of

appeal. The motion seeks either a ruling that the notice of appeal signed and dated on December 9, 2013, is timely or equitable tolling of the deadline for filing an appeal.

## II. Discussion

Habeas corpus cases are civil cases, Rumsfeld v. Padilla, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring); O'Neal v. McAninch, 513 U.S. 432, 440 (1995), and an appellant ordinarily has thirty days from the judgment in a civil case to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and courts have "no authority to create equitable exceptions to jurisdictional requirements." Bowles v. Russell, 551 U.S. 205, 214 (2007). The Court therefore denies petitioner's request for equitable tolling of the appellate deadline.

In the alternative, petitioner seeks an extension of time to file a notice of appeal. "District courts [do] have limited authority to grant an extension of the 30-day time period." Id. at 208. Under Federal Rule of Appellate Procedure 4(a)(5)(A), a district court may extend the time to file a notice of appeal if a party so moves not later than thirty days after the time prescribed by Rule 4(a) expires and the party shows "excusable neglect or good cause."

Petitioner is not seeking an extension of time on the basis of "excusable neglect." He claims to have been diligent in attempting to file a notice of appeal.

The primary basis for petitioner's request for an extension of time to file an appeal is institutional "lock-downs" at JCF during November of 2013. Petitioner contends that, due to the "lock-downs," his access to the prison law library was restricted and he was not able to contact the prison's legal-writer program for assistance

in drafting a notice of appeal until November 26, 2013.  In addition, petitioner states that the prison law library was closed on November 28, 2013, and November 29, 2013, for the Thanksgiving holiday.  He claims that, under the circumstances, he has established "good cause" for filing an untimely appeal.

The problem with petitioner's argument is that he did not file his motion for extension of time until after the thirty-day deadline expired for filing a notice of appeal. The deadline for filing a notice of appeal expired on November 28, 2013.  Petitioner signed and dated his motion for equitable tolling or an extension of time eleven days later on December 9, 2013.  When a "motion for extension of time is filed after the time for filing the notice of appeal has run, the motion may only be granted upon a showing of "excusable neglect . . . ."  Curry v. Eaton Corp., 400 F. App'x 51, 56 (6th Cir. 2010).

Petitioner is not alleging "excusable neglect," and even though he has attempted to show "good cause" for not filing a timely appeal, "showings of 'good cause' are relevant only when the motion is filed before the expiration of the initial appeal period." Id. (citing Zack v. United States, 133 F.3d 451, 453 n. 1 (6th Cir. 1998) (citing Fed. R. App. P. 4(a)(5) advisory committee's note (1979 Amendment))).  Accordingly, the motion for equitable tolling or an extension of time to file a notice of appeal [Doc. No. 18] is **DENIED**.

Dated:  February 4, 2014

              s/George Caram Steeh
              GEORGE CARAM STEEH
              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 4, 2014, by electronic and/or ordinary mail and or Dquan Favorite #712538, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk